UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NICOLE CARTER,<br><br>*Plaintiff*,<br><br>v.<br><br>SHEIN US SERVICES, LLC,<br><br>*Defendant*. | Civil Action No.   1:25-cv-10447 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, & 1146 and Local Rule of Civil Procedure 81.1, defendant SHEIN US Services, LLC ("SHEIN" or "Defendant"), through its undersigned counsel, hereby removes the action styled *Nicole Carter v. SHEIN US Services, LLC*, Civil Action No. 2579CV00062, filed in the Hampden County Superior Court of the Commonwealth of Massachusetts (the "Action"), to the United States District Court for the District of Massachusetts.

This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331. As grounds for removal, Defendant states as follows:

**I.   STATE COURT ACTION**

1. Plaintiff Nicole Carter ("Carter" or "Plaintiff") commenced the Action in state court by filing a Complaint against Defendant on or about January 27, 2025, in the Hampden County Superior Court of the Commonwealth of Massachusetts.

2. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the Action in state court is attached hereto as <u>Exhibit A</u>.

3. In her Complaint, Plaintiff brings causes of action against Defendant (the only defendant) for: (1) violation of the federal Telephone Consumer Protection Act, 47 U.S.C. §

1

227(b)(1)(A) (Count I); (2) violation of the Massachusetts Telemarketing Solicitation Act, G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5) et al. (Count II); (3) violation of G.L. c. 93A (Count III); further violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2),(3) (Count IV); and violation of the Massachusetts Telemarketing Sales Act, G.L. 159C (Count V). (*See* Ex. A (Compl. ¶¶ 27-72).)

4. On February 5, 2025, SHEIN's registered agent in California received a copy of the Complaint and Summons, which appear to have been sent by certified mail and by Plaintiff herself.

## II. FEDERAL QUESTION JURISDICTION: 28 U.S.C. §§ 1331 & 1441(a)

5. This Court has subject matter jurisdiction over this removed Action pursuant to 28 U.S.C. §§ 1331 and 1441(a).

6. This Court and all district courts "shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Here, Plaintiff brings two causes of action under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. (*See* Ex. A (Compl. ¶¶ 27-35 (Count I), ¶¶ 59-66 (Count IV)).)

9. The Telephone Consumer Protection Act – a federal statute – arises under the laws of the United States. *See* 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that federal district courts have jurisdiction over private suits arising under the Telephone Consumer Protection Act).

10. Indeed, Plaintiff acknowledges in her Complaint that her allegations and causes of action under the Telephone Consumer Protection Act give rise to federal question jurisdiction:

> This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA")

(Ex. A (Compl. ¶ 2.).)

11. Plaintiff therefore does not contest, and in fact acknowledges in her Complaint, that this Court has subject matter jurisdiction over this Action.

12. Considering the above, this Court has original jurisdiction over this matter such that it could have been originally filed in this Court, 28 U.S.C. § 1331, and this action is thus removable to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1441(a).

### IV. NOTICE TO PLAINTIFF AND STATE COURT

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Court for the Hampden County Superior Court.

14. A draft copy of the Notice of Filing of Notice of Removal that will be promptly served on Plaintiff and filed with the Clerk of the Court for the Hampden County Superior Court is attached hereto as Exhibit B.

15. There are no other defendants in this action besides SHEIN.

### V. REMOVAL IS TIMELY

16. Removal is timely under 28 U.S.C. § 1446 because less than 30 days have passed since Defendant was served with the Summons and Complaint on February 5, 2025. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…").

## VI. VENUE IS PROPER

17. Pursuant to 28 U.S.C. § 1441, venue in this District is proper because this Action was pending in the Hampden County Superior Court, Massachusetts, which is a court sitting within the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 1441(a) (permitting removal "to the district court of the United States for the district and division embracing the place where such action is pending."). "Massachusetts contains one judicial district, undivided, with no divisions therein." *Brennan v. City of Leominster*, 180 F.R.D. 192, 193 (D. Mass. 1998).

18. Moreover, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). As Plaintiff herself alleges in her Complaint, "venue is proper in this District because Plaintiff lives in Hampden County and the acts occurred here in the District." (*See* Ex. A (Compl. ¶ 3).)

## VII. NON-WAIVER OF DEFENSES

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense, objection, motion, or affirmative defense or matter, including without limitation a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## VIII. PROCESS AND PLEADINGS

20. In accordance with 28 U.S.C. § 1446(a) and as stated above, a copy of all process, pleadings, and orders served upon Defendant in the Action is attached hereto as <u>Exhibit A</u>.

21. Pursuant to Local Rule 81.1(a), Defendant will file certified or attested copies of all records and proceedings in the Action in state court and a certified or attested copy of all docket entries in the Action in state court within 28 days of the filing of this Notice of Removal1

WHEREFORE, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1146, and Defendant hereby removes this Action from the Hampden County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

Respectfully Submitted,

**SHEIN US SERVICES, LLC**

By its attorneys,

/s/ *Brian J. Bosworth*
Brian J. Bosworth (BBO # 685163)
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
(617) 648-2800
(617) 433-5022 (fax)
BBosworth@HuntonAK.com

Dated: February 24, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February, 2025, a true and correct copy of this document was electronically filed with the Clerk of Court through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") pursuant to Local Rule 5.4(c). A true and correct copy of the foregoing was also served by email and regular first class mail upon Plaintiff Nicole Carter at the address and email address below:

Nicole Carter
16 Rochelle Street
Springfield, MA 01109
Nicolecarter7440@gmail.com

/s/ Brian J. Bosworth
Brian J. Bosworth