# EXHIBIT A

## 2579CV00062 Carter, Nicole vs. Shein US Services LLC

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 01/24/2025
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Tortious Action
- Status Date:
- 01/24/2025
- Case Judge:
- 
- Next Event:
- 05/21/2026

| All Information | Party | Event | Tickler | Docket | Disposition |

### Party Information

**Carter, Nicole**
- Plaintiff

| Alias | Party Attorney |
|---|---|
|  | Attorney |
|  | Pro Se |
|  | Bar Code |
|  | PROPER |
|  | Address |
|  | Phone Number |
|  |  |

More Party Information

**Shein US Services LLC**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

### Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 05/21/2026 02:00 PM | Civil A - Ct. Rm. 4 |  | Final Pre-Trial Conference |  |  |

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 01/24/2025 | 04/24/2025 | 90 |  |
| Answer | 01/24/2025 | 05/27/2025 | 123 |  |
| Rule 12/19/20 Served By | 01/24/2025 | 05/27/2025 | 123 |  |
| Rule 12/19/20 Filed By | 01/24/2025 | 06/23/2025 | 150 |  |
| Rule 12/19/20 Heard By | 01/24/2025 | 07/23/2025 | 180 |  |
| Rule 15 Served By | 01/24/2025 | 05/27/2025 | 123 |  |
| Rule 15 Filed By | 01/24/2025 | 06/23/2025 | 150 |  |
| Rule 15 Heard By | 01/24/2025 | 07/23/2025 | 180 |  |
| Discovery | 01/24/2025 | 11/20/2025 | 300 |  |
| Rule 56 Served By | 01/24/2025 | 12/22/2025 | 332 |  |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Rule 56 Filed By | 01/24/2025 | 01/20/2026 | 361 | |
| Final Pre-Trial Conference | 01/24/2025 | 05/21/2026 | 482 | |
| Judgment | 01/24/2025 | 01/25/2027 | 731 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 01/24/2025 | Attorney appearance<br>On this date Pro Se added for Plaintiff Nicole Carter | | |
| 01/24/2025 | Case assigned to:<br>DCM Track F - Fast Track was added on 01/24/2025 | | |
| 01/24/2025 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit | 1 | |
| 01/27/2025 | Determination regarding normal fees and costs ALLOWED FORTHWITH by Clerk , pursuant to G. L. c. 261, § 27C(2). | 2 | *Image* |
| 01/27/2025 | Original civil complaint filed. | 3 | Image |
| 01/27/2025 | Civil action cover sheet filed. | 4 | Image |
| 01/27/2025 | Demand for jury trial entered. | | |
| 01/27/2025 | Claim filed under 93A | | |
| 01/27/2025 | Notice of 93A complaint sent to Attorney General | | |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Active | 01/27/2025 | |

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT                                           HAMPDEN, SS.

HAMPDEN COUNTY
SUPERIOR COURT
FILED

JAN 2 7 2025

*[signature]*
CLERK OF COURTS

NICOLE CARTER,

                    Plaintiff,

v.                                          Case No.  25    062

Shein US Services LLC.

                    Defendant,

COMPLAINT

INTRODUCTION

1.  This lawsuit arises from Defendants' Shein US Services, LLC ("hereafter Shein") unlawful,

    intrusive telemarketing practices, including sending unsolicited text messages to

    Plaintiff's (hereafter Plaintiff) cellular telephone without written consent or for an

    emergency purpose using an automatic telephone dialing system (ATDS), Not being

    registered with the Massachusetts Office of Consumer Affairs and Business Regulation

    ("MOCABR") at the time they sent the text messages without an opt out message on each

    text as required under M.G.L. c. 159C, and engaging in deceptive trade practices under

    M.G.L. c. 93A. texting plaintiffs cell phone before 8 am and after 9 pm.

1

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").[1]

3. This Court has personal jurisdiction over Defendants and venue is proper in this District because Plaintiff lives in Hampden County and the acts occurred here in the District.

## PARTIES

4. Plaintiff is a natural person who, at all times relevant to this action, has been and is a resident of Springfield Massachusetts.

5. Defendant Shein US Services LLC is a corporation with its principal place of business in Los Angeles 90021. Defendant Shein transacts business in Massachusetts and caused Plaintiff tortious injury in Massachusetts.

## FACTS

6. Plaintiff Nicole Carter (Plaintiff) hereby files this Complaint against Defendant Shein US Services, LLC for violations of the Telephone Consumer Protection Act (TCPA), the Massachusetts Telemarketing Solicitation Act (MTSA), and the Massachusetts Unfair and Deceptive Trade Practices Act (Chapter 93A).

---

[1] On January 18, 2012, the Supreme Court decided *Mims v. Arrow Financial Services, LLC*, No. 10-1195, holding that private suits to enforce the Telephone Consumer Protection Act ("TCPA") may be brought in both federal and state courts.

7. Plaintiff has a telephone number 413-883-5580 that is assigned to a cellular telephone service.

8. Plaintiff received 2 or mor text within a 12 month period from defendant Shein, See Below:





















  

  

9.  Defendants called me on 6/23/21, 6/22/21, 6/21/21, 6/07/21, 6/30/21, 6/28/21,

    6/27/21, 6/26/21, 7/05/21, 8/27/23, 8/20/23, 8/13/23, 8/07/23, 10/01/23, 09/24/23,

    09/17/23, 09/10/23, 10/29/23, 10/22/23, 10/15/23, 10/08/23, and over 50 more times

10. Defendant Shein US Services, LLC sent over 70 text messages to Plaintiff's cell phone,

    without consent or for an emergency purpose with an automatic telephone dialing

system, before 8am and after 9 pm, without providing an opt-out instructions in each message.

11. Defendant was not registered as a solicitor with the Massachusetts Office of Consumer Affairs and Business Regulation prior to soliciting Massachusetts consumers, violating 201 C.M.R., § 12.04(3), MTSA, and Chapter 93A.

12. Defendant employed an automatic telephone dialing system with the capacity to use a random or sequential number generator to store or produce phone numbers.

13. Plaintiff never provided written consent or any form of consent to receive text messages from Defendant.

14. The text messages were for marketing purposes, specifically promoting Defendant's clothing products which required written consent.

15. Defendant Sheins Text messages where not for an emergency purpose.

16. The purpose of Defendant Sheins Text messages were to advertise, promote, and/or market and/or to solicit the sale of Sheins consumer goods.

## STANDING UNDER THE TELEPHONE CONSUMER PRACTICES ACT

17. A party is prohibited from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action in which a person may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B).

6

18. Courts in this district has found the traditional tort of intrusion upon seclusion was applicable to receipt of over 50 unsolicited text messages, which is the type of invasion of privacy that would "be highly offensive to a reasonable person.

19. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.

## SHEIN CAUSED PLAINTIFF HARM

20. Pursuant to 47 CFR § 64.1200(a)(2) and (3), all messages sent by or on behalf of Defendant were required to include clear and conspicuous instructions on how to opt out of receiving future messages.

21. Defendant failed to provide clear and conspicuous instructions on how to opt out of receiving text messages in each text message sent to Plaintiff.

22. Defendants Shein telephone calls and solicitation caused plaintiff harm in the form of invasion of privacy, interrupted sleep, aggravation, emotional distress, mental anguish, waste of time, diminished value of his cell phone service and hardware, and increased electricity costs.

23. Plaintiff was in Massachusetts when plaintiff received all Defendant's unauthorized calls.

24. Plaintiffs is  the regular user of the telephone number that I received the unauthorized calls from Defendants Shein.

25. Plaintiffs utilize the cellular telephones that receive Defendant' Shein text messages for personal purposes and the number are Plaintiffs' residential telephone lines and is the primary means of reaching Plaintiffs at their residences.

26. Plaintiff is a consumer within the Telephone Consumer Practices Act (TCPA) , Massachusetts Telephone Sales Act ("MTSA") and the Massachusetts Unfair & Deceptive Trade Practices Act MGL c. 93a.

COUNT I:

Violations of the Telephone Consumer Protection Act,

47 U.S.C. §227(b)(1)(A)

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. Defendant violated 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to send text messages to Plaintiff's cell phone without prior express consent or for an emergency purpose.

29. Each violation entitles Plaintiff to $500 in statutory damages, which may be trebled for willful or knowing violations.

30. Defendants also violated time restrictions by contacting Plaintiff before 8:00 AM and after 9:00 PM.

31. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice.

32. As a result of the acts of Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) in violation of the TCPA, 47 U.S.C. § 227, Plaintiff presumptively is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

34. Defendants' violations were willful and/or knowing.

35. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of 47 U.S.C. §227(b)(1)(A).

COUNT II:

Violation of the Massachusetts Telemarketing Solicitation Act (MTSA)

M.G.L., c. 159C, § 4 and 201 C.M.R. § 12.02(5) et al.

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. Defendant violated the MTSA by failing to register with the Massachusetts Office of Consumer Affairs and Business Regulation before engaging in telemarketing activities in Massachusetts.

38. Defendants violated Mass. Gen. Laws ch. 159C by sending unauthorized telemarketing communications to Plaintiff's telephone number registered on the Massachusetts State DNC Registry.

39. Defendants also violated time restrictions by contacting Plaintiff before 8:00 AM and after 8:00 PM.

40. Defendants made unsolicited telephonic sales calls to Plaintiff.

41. Defendants made these calls to Plaintiff without express written consent or permission, in violation of M.G.L., c. 159C, § 1.

42. Defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5).

43. Defendants failed to register with the Office, in violation of 201 C.M.R., § 12.04. Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

44. Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

45. Defendants have also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

46. As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

COUNT III:

Not Registered with the  Massachusetts Office of Consumer Affairs and Business Regulations
(the "OCABR").

Violation of the Massachusetts Unfair and Deceptive Trade Practices Act (Chapter 93A)

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. Defendant's failure to register as a solicitor before sending text messages in
Massachusetts constitutes an unfair and deceptive trade practice in violation of Chapter
93A. MTSA 159 c Section 13: The remedies, duties, prohibitions and penalties provided in
this chapter shall not be exclusive and shall be in addition to all other causes of action,
remedies and penalties provided by law, including any applicable remedies pursuant to
chapter 93A.

49. At all times relevant the Defendants were engaged in trade or commerce within the
meaning of G.L. c. 93A §2. And where not registered as a Telemarketer in Massachusetts
with the Office of Consumer Affairs and Business Regulation before making telephone
solicitations to the plaintiff a Massachusetts residents.

50. The Defendants have engaged in unfair and deceptive practices (acts) declared unlawful
by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of
the Telephone Consumer Protection Act, and the Massachusetts Telephone Solicitations
Act, and the unreasonable invasion of Plaintiff's privacy and intrusion upon his seclusion.

51. Defendants engaged in unfair and deceptive practices (acts) which violated the MGL 93a
when they refused to register with the office when they made telemarketing solicitation
calls to the plaintiff, having failed to register with the Office of Consumer Affairs and

11

Business Regulation before making telephone solicitations to the plaintiff a

Massachusetts residents, and without so registering it violated 201 CMR 12.04 § 1, and

defendants committed an Unfair and Deceptive act which is a separate per se violations

of G.L. c. 93A.

52. The Defendants have engaged in unfair and deceptive practices (Acts) declared unlawful

by G.L.c. 93A. Such acts of unfair competition when they failed to register like other

lawful telemarketers before placing telemarketing solicitation calls to the plaintiff without

consent while I was on the National & State Do Not Call Registry.

53. It was also an unfair and deceptive practices (acts) for the Defendants to harass Plaintiff

through harassing telemarketing calls to Plaintiff's cellphone without his prior express

written consent, or for an emergency purpose when defendants where not registered

with the office as other telemarketers had to do.

54. The Defendant engaged in unfair and deceptive practices (acts) by systematically placing,

on a large scale, unsolicited and harassing telemarketing calls to consumers in

Massachusetts including the plaintiff in order to aggressively market their products and

or services, which results in substantial injury to Massachusetts consumers in the form of

invasions of privacy, while giving the Defendants an unfair competitive advantage over

businesses that solicit business lawfully.

55. The Defendants' phone harassment campaign that has been unleashed onto Plaintiff is

against public policy, Privacy, immoral, unethical, and oppressive, and caused Plaintiff

substantial harm was unfair and deceptive practices (acts).

12

56. Plaintiff was not required to send the Defendants Shein, a 30-day Massachusetts Consumer Protection Act, G.L. c. 93A, Demand Letter, because defendants do not have property or offices here in Massachusetts.

57. Plaintiff is entitled to an award of attorney's fees, Triple and actual and punitive damages, and the multiplication of same under the provisions of G.L. c. 93A, as to each of the Defendants, without the right of contribution.

58. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful, and wanton, and showed reckless disregard for the rights of Plaintiff and Massachusetts consumers, generally.

## COUNT IV

### Failure to Provide Clear Opt-Out Instructions
### Violation of 47 U.S.C. § 227(b)(1)(B) and 47 CFR § 64.1200(a)(2), (3)

59. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

60. Defendant violated 47 U.S.C. § 227(b)(1)(B) and 47 CFR § 64.1200(a)(2), (3) by failing to provide clear instructions on how to opt out of receiving text messages in each message sent.

61. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

62. Defendant sent, or caused to be sent, one or more text messages to Plaintiff's telephone number, which is assigned to a cellular telephone service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(B).

13

63. Pursuant to 47 CFR § 64.1200(a)(2) and (3), all messages sent by or on behalf of Defendant were required to include clear and conspicuous instructions on how to opt out of receiving future messages.

64. Defendant failed to provide clear and conspicuous instructions on how to opt out of receiving text messages in each text message sent to Plaintiff.

65. As a result of Defendant's violations, Plaintiff suffered harm, including invasion of privacy, nuisance, and annoyance, and incurred expenses related to the receipt of the unwanted text messages, such as charges for cellular services or data usage.

66. Defendant's violations of 47 U.S.C. § 227(b)(1)(B) and 47 CFR § 64.1200(a)(2), (3) were willful, knowing, or both, as Defendant failed to take reasonable steps to comply with statutory and regulatory requirements.

## COUNT V:

### VIOLATION OF THE MASSACHUSETTS TELEMARKETING  SALES ACT 159 C
### TIME RESTRICTIONS 8 AM - 8 PM

67. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

68. Defendant called the plaintiff cellphone before 8 am and after 8 pm without written consent or for an emergency purpose which is contrary to 159 c Section 3, Mgl c. 159 c Section 2: Unsolicited telephonic sales calls; limitations Section 3. A telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: 2; (ii) to be received between the hours of 8:00 p.m. and 8:00 a.m., local time, at the consumer's location;

69. Defendants violated 201 C.M.R. § 12.02 § (1) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer if the consumer's name

14

and telephone number appear on the then current quarterly "do not call" registry maintained by the Office of Consumer Affairs and Business Regulation as otherwise detailed within 201 CMR 12.03.

70. Defendants violated (2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 p.m. to 8:00 a.m., local time at the consumer's location.

71. Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) made unsolicited telephonic sales calls to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

72. Defendant text the plaintiff before 8 am and or after 9 pm on several accounts, at the consumer's /plaintiffs location, the texts were contrary to 201 CMR 12.03 *(2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 P.M. to 8:00 A.M., local time at the consumer's location* invading plaintiffs privacy and violating the M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)) and the TCPA.

## TRIAL BY JURY
## PRAYERS FOR RELIEF SOUGHT

WHEREFORE, Plaintiff requests that this Court:

a) Enter judgment in favor of Plaintiff and against Defendant for violations of the TCPA, MTSA, and Chapter 93A;

b) Award statutory damages of $500 to $1,500 per violation under the TCPA1310;

c) Award statutory damages under the MTSA of up to $5000 per violation under the MTSA 159 c.

d) Award statutory damages , attorney fees under the MGL Chapter 93A, including potential treble damages for willful violations for not being registered as a solicitor for violating 201 C.M.R., § 12.04(3), MTSA  159 c.

e) Grant injunctive relief prohibiting Defendant from further violations;

award Plaintiff reasonable attorney's fees and costs;

f) An injunction prohibiting Defendant from sending future text messages that fail to include clear opt-out instructions; and

g) Grant such other relief as the Court deems just and proper.

Respectfully submitted,                          January 24, 2025

Nicole Carter

16 Rochelle Street

Springfield, Ma 01109

413-883-5580

nicolecarter7440@gmail.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 25  062 | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY |

| Plaintiff | Nicole Carter | Defendant: | Shein US Services, LLC |
|---|---|---|---|
| ADDRESS: | 16 Rochelle Street | ADDRESS: | 777 S. ALAMEDA Street 2nd Floor |
| | Springfield, Ma 01109 | | Los Angeles California 90021 |

| Plaintiff Attorney: | | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | |
| | | | |
| | | | |
| BBO: | | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. B99 | TYPE OF ACTION (specify) Massachusetts Telemarketing Sales Act 159 C | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES  ☐ NO |
|---|---|---|---|

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? ☒ YES  ☐ NO | Is there a class action under Mass. R. Civ. P. 23? ☐ YES  ☒ NO |
|---|---|

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

TORT CLAIMS

A. Documented medical expenses to date

1. Total hospital expenses

2. Total doctor expenses

3. Total chiropractic expenses

4. Total physical therapy expenses

5. Total other expenses (describe below) — $3.69

HAMPDEN COUNTY
SUPERIOR COURT
FILED

JAN 2 7 2025

*Hara E Geno*

CLERK OF COURTS

Subtotal (1-5): $3.69

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below) — $110,000.00

Statutory Damages under Massachusetts Telemarketing Sales Act 159 C, TCPA 47 U.S.C. Â§ 227.and M.G.L c 93A Triple Damages

TOTAL (A-F): $110,003.69

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

invasion of privacy, interrupted sleep, aggravation, emotional distress, mental anguish, waste of time, diminished value of his cell phone service and hardware, and increased electricity costs.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X *Nicole Carter*    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18; Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _Nicole Cantin_____    Date: _____



*S146821*

| | |
|---|---|
| **Entity Name:** | **SHEIN US SERVICES, LLC** |
| **Jurisdiction:** | CA |
| **Date:** | 2/5/2025 |
| **Receipt Method:** | Certified Mail |
| **Case Number:** | 2579CV00062 |
| **Plaintiff:** | CARTER, NICOLE |
| **Defendant:** | SHEIN US SERVICES LLC |
| **Document Type:** | Summons |

Nicole Carter
16 Rochelle Street
Springfield, Ma 01109

7022 0410 0000 4639 7038

SHEIN US Services llc
Registered As Ent
Matthew Marzucco
2804 Gateway Oaks Drive
Sacramento, CA 95833



RDC 99

Retail

95833

$11.54

U.S. POSTAGE PAID
FCM LG ENV
SPRINGFIELD, MA 0
JAN 31, 2025
S2324D501966-35

| | | |
|---|---|---|
| **Summons** | CIVIL DOCKET NO. **25   062** | **Trial Court of Massachusetts** **The Superior Court**  |

CASE NAME:

*Nicole Carter*

Plaintiff(s)

vs.

*SHeiN US Services llc.*

Defendant(s)

| Laura S. Gentile | Clerk of Courts |
|---|---|
| Hampden | County |

COURT NAME & ADDRESS:
Hampden Superior Court
Roderick L. Ireland Courthouse
50 State Street
Springfield, MA  01103

THIS SUMMONS IS DIRECTED TO *SHeiN US Services llc* (Defendant's name)
*Registered Agent: Matthew Marzucco*
*2804 Gateway Oaks Dr. Sacramento. CA 95833*

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the   Hampden Superior   Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, Hampden Superior   Court
    P.O. Box 559, Springfield, MA 01102   (address), by mail, in person, or electronically through
    the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
    *Nicole Carter*
    *16 Rochelle Street*
    *Springfield. Ma 01109*

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____ Chief Justice on _____ , 20 ____ . (Seal)

Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

rev. 1/2023

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2579CV00062 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Carter, Nicole vs. Shein US Services LLC | Laura S Gentile, Clerk of Courts Hampden County |
|---|---|

| TO:  Nicole Carter 16 Rochelle St Springfield, MA 01109 | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY. | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/24/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 05/27/2025 | |
| All motions under MRCP 12, 19, and 20 | 05/27/2025 | 06/23/2025 | 07/23/2025 |
| All motions under MRCP 15 | 05/27/2025 | 06/23/2025 | 07/23/2025 |
| All discovery requests **and depositions** served and non-expert depositions completed | 11/20/2025 | | |
| All motions under MRCP 56 | 12/22/2025 | 01/20/2026 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/21/2026 |
| Case shall be resolved and judgment shall issue by | | | 01/25/2027 |

**The final pre-trial deadline is not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 01/27/2025 | ASSISTANT CLERK William T Walsh, Jr. | PHONE (413)735-6016 |
|---|---|---|

Date/Time Printed: 01-27-2025 15:03:21                                                                                        SCV026\ 08.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 25  062 | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY |

| Plaintiff | Nicole Carter | Defendant | Shein US Services, LLC |
|---|---|---|---|
| ADDRESS: | 16 Rochelle Street | ADDRESS: | 777 S. ALAMEDA Street 2nd Floor |
| | Springfield, Ma 01109 | | Los Angeles California 90021 |
| Plaintiff Attorney: | | Defendant Attorney: | |
| ADDRESS: | | ADDRESS: | |
| | | | |
| | | | |
| BBO: | | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. B99 | TYPE OF ACTION (specify) Massachusetts Telemarketing Sales Act 159 C | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☒ YES  ☐ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

HAMPDEN COUNTY SUPERIOR COURT FILED JAN 2 7 2025

*CLERK OF COURTS*

A. Documented medical expenses to date

1. Total hospital expenses _____
2. Total doctor expenses _____
3. Total chiropractic expenses _____
4. Total physical therapy expenses _____
5. Total other expenses (describe below) _____ $3.69

Subtotal (1-5): $3.69

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below) $110,000.00

Statutory Damages under Massachusetts Telemarketing Sales Act 159 C, TCPA 47 U.S.C. Â§ 227.and M.G.L c 93A Triple Damages

TOTAL (A-F): $110,003.69

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Invasion of privacy, interrupted sleep, aggravation, emotional distress, mental anguish, waste of time, diminished value of his cell phone service and hardware, and increased electricity costs.

## CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X  *Nicole Carter*      Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _Nicole Conti_                                    Date: _____

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT

HAMPDEN, SS.

HAMPDEN COUNTY
SUPERIOR COURT
FILED

JAN 2 7 2025

*signature*

CLERK OF COURTS

NICOLE CARTER,

Plaintiff,

v.

Shein US Services LLC.

Defendant,

Case No.    25    062

## COMPLAINT

### INTRODUCTION

1. This lawsuit arises from Defendants' Shein US Services, LLC ("hereafter Shein") unlawful, intrusive telemarketing practices, including sending unsolicited text messages to Plaintiff's (hereafter Plaintiff) cellular telephone without written consent or for an emergency purpose using an automatic telephone dialing system (ATDS), Not being registered with the Massachusetts Office of Consumer Affairs and Business Regulation ("MOCABR") at the time they sent the text messages without an opt out message on each text as required under M.G.L. c. 159C, and engaging in deceptive trade practices under M.G.L. c. 93A. texting plaintiffs cell phone before 8 am and after 9 pm.

1

3

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").[1]

3. This Court has personal jurisdiction over Defendants and venue is proper in this District because Plaintiff lives in Hampden County and the acts occurred here in the District.

## PARTIES

4. Plaintiff is a natural person who, at all times relevant to this action, has been and is a resident of Springfield Massachusetts.

5. Defendant Shein US Services LLC is a corporation with its principal place of business in Los Angeles 90021. Defendant Shein transacts business in Massachusetts and caused Plaintiff tortious injury in Massachusetts.

## FACTS

6. Plaintiff Nicole Carter (Plaintiff) hereby files this Complaint against Defendant Shein US Services, LLC for violations of the Telephone Consumer Protection Act (TCPA), the Massachusetts Telemarketing Solicitation Act (MTSA), and the Massachusetts Unfair and Deceptive Trade Practices Act (Chapter 93A).

---

[1] On January 18, 2012, the Supreme Court decided *Mims v. Arrow Financial Services, LLC*, No. 10-1195, holding that private suits to enforce the Telephone Consumer Protection Act ("TCPA") may be brought in both federal and state courts.

2

7. Plaintiff has a telephone number 413-883-5580 that is assigned to a cellular telephone service.

8. Plaintiff received 2 or mor text within a 12 month period from defendant Shein, See Below:







9. Defendants called me on 6/23/21, 6/22/21, 6/21/21, 6/07/21, 6/30/21, 6/28/21, 6/27/21, 6/26/21, 7/05/21, 8/27/23, 8/20/23, 8/13/23, 8/07/23, 10/01/23, 09/24/23, 09/17/23, 09/10/23, 10/29/23, 10/22/23, 10/15/23, 10/08/23, and over 50 more times

10. Defendant Shein US Services, LLC sent over 70 text messages to Plaintiff's cell phone, without consent or for an emergency purpose with an automatic telephone dialing

system, before 8am and after 9 pm, without providing an opt-out instructions in each message.

11. Defendant was not registered as a solicitor with the Massachusetts Office of Consumer Affairs and Business Regulation prior to soliciting Massachusetts consumers, violating 201 C.M.R., § 12.04(3), MTSA, and Chapter 93A.

12. Defendant employed an automatic telephone dialing system with the capacity to use a random or sequential number generator to store or produce phone numbers.

13. Plaintiff never provided written consent or any form of consent to receive text messages from Defendant.

14. The text messages were for marketing purposes, specifically promoting Defendant's clothing products which required written consent.

15. Defendant Sheins Text messages where not for an emergency purpose.

16. The purpose of Defendant Sheins Text messages were to advertise, promote, and/or market and/or to solicit the sale of Sheins consumer goods.

## STANDING UNDER THE TELEPHONE CONSUMER PRACTICES ACT

17. A party is prohibited from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action in which a person may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B).

18. Courts in this district has found the traditional tort of intrusion upon seclusion was applicable to receipt of over 50 unsolicited text messages, which is the type of invasion of privacy that would "be highly offensive to a reasonable person.

19. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.

## SHEIN CAUSED PLAINTIFF HARM

20. Pursuant to 47 CFR § 64.1200(a)(2) and (3), all messages sent by or on behalf of Defendant were required to include clear and conspicuous instructions on how to opt out of receiving future messages.

21. Defendant failed to provide clear and conspicuous instructions on how to opt out of receiving text messages in each text message sent to Plaintiff.

22. Defendants Shein telephone calls and solicitation caused plaintiff harm in the form of invasion of privacy, interrupted sleep, aggravation, emotional distress, mental anguish, waste of time, diminished value of his cell phone service and hardware, and increased electricity costs.

23. Plaintiff was in Massachusetts when plaintiff received all Defendant's unauthorized calls.

24. Plaintiffs is the regular user of the telephone number that I received the unauthorized calls from Defendants Shein.

25. Plaintiffs utilize the cellular telephones that receive Defendant' Shein text messages for personal purposes and the number are Plaintiffs' residential telephone lines and is the primary means of reaching Plaintiffs at their residences.

26. Plaintiff is a consumer within the Telephone Consumer Practices Act (TCPA) , Massachusetts Telephone Sales Act ("MTSA") and the Massachusetts Unfair & Deceptive Trade Practices Act MGL c. 93a.

## COUNT I:
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. Defendant violated 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to send text messages to Plaintiff's cell phone without prior express consent or for an emergency purpose.

29. Each violation entitles Plaintiff to $500 in statutory damages, which may be trebled for willful or knowing violations.

30. Defendants also violated time restrictions by contacting Plaintiff before 8:00 AM and after 9:00 PM.

31. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice.

32. As a result of the acts of Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) in violation of the TCPA, 47 U.S.C. § 227, Plaintiff presumptively is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

34. Defendants' violations were willful and/or knowing.

35. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of 47 U.S.C. §227(b)(1)(A).

## COUNT II:

### Violation of the Massachusetts Telemarketing Solicitation Act (MTSA)

### M.G.L., c. 159C, § 4 and 201 C.M.R. § 12.02(5) et al.

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. Defendant violated the MTSA by failing to register with the Massachusetts Office of Consumer Affairs and Business Regulation before engaging in telemarketing activities in Massachusetts.

38. Defendants violated Mass. Gen. Laws ch. 159C by sending unauthorized telemarketing communications to Plaintiff's telephone number registered on the Massachusetts State DNC Registry.

39. Defendants also violated time restrictions by contacting Plaintiff before 8:00 AM and after 8:00 PM.

40. Defendants made unsolicited telephonic sales calls to Plaintiff.

41. Defendants made these calls to Plaintiff without express written consent or permission, in violation of M.G.L., c. 159C, § 1.

42. Defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5).

43. Defendants failed to register with the Office, in violation of 201 C.M.R., § 12.04. Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

44. Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

45. Defendants have also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

46. As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

COUNT III:

Not Registered with the Massachusetts Office of Consumer Affairs and Business Regulations (the "OCABR").

Violation of the Massachusetts Unfair and Deceptive Trade Practices Act (Chapter 93A)

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. Defendant's failure to register as a solicitor before sending text messages in Massachusetts constitutes an unfair and deceptive trade practice in violation of Chapter 93A. MTSA 159 c Section 13: The remedies, duties, prohibitions and penalties provided in this chapter shall not be exclusive and shall be in addition to all other causes of action, remedies and penalties provided by law, including any applicable remedies pursuant to chapter 93A.

49. At all times relevant the Defendants were engaged in trade or commerce within the meaning of G.L. c. 93A §2. And where not registered as a Telemarketer in Massachusetts with the Office of Consumer Affairs and Business Regulation before making telephone solicitations to the plaintiff a Massachusetts residents.

50. The Defendants have engaged in unfair and deceptive practices (acts) declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of the Telephone Consumer Protection Act, and the Massachusetts Telephone Solicitations Act, and the unreasonable invasion of Plaintiff's privacy and intrusion upon his seclusion.

51. Defendants engaged in unfair and deceptive practices (acts) which violated the MGL 93a when they refused to register with the office when they made telemarketing solicitation calls to the plaintiff, having failed to register with the Office of Consumer Affairs and

11

Business Regulation before making telephone solicitations to the plaintiff a

Massachusetts residents, and without so registering it violated 201 CMR 12.04 § 1, and

defendants committed an Unfair and Deceptive act which is a separate per se violations

of G.L. c. 93A.

52. The Defendants have engaged in unfair and deceptive practices (Acts) declared unlawful

by G.L.c. 93A. Such acts of unfair competition when they failed to register like other

lawful telemarketers before placing telemarketing solicitation calls to the plaintiff without

consent while I was on the National & State Do Not Call Registry.

53. It was also an unfair and deceptive practices (acts) for the Defendants to harass Plaintiff

through harassing telemarketing calls to Plaintiff's cellphone without his prior express

written consent, or for an emergency purpose when defendants where not registered

with the office as other telemarketers had to do.

54. The Defendant engaged in unfair and deceptive practices (acts) by systematically placing,

on a large scale, unsolicited and harassing telemarketing calls to consumers in

Massachusetts including the plaintiff in order to aggressively market their products and

or services, which results in substantial injury to Massachusetts consumers in the form of

invasions of privacy, while giving the Defendants an unfair competitive advantage over

businesses that solicit business lawfully.

55. The Defendants' phone harassment campaign that has been unleashed onto Plaintiff is

against public policy, Privacy, immoral, unethical, and oppressive, and caused Plaintiff

substantial harm was unfair and deceptive practices (acts).

56. Plaintiff was not required to send the Defendants Shein, a 30-day Massachusetts Consumer Protection Act, G.L. c. 93A, Demand Letter, because defendants do not have property or offices here in Massachusetts.

57. Plaintiff is entitled to an award of attorney's fees, Triple and actual and punitive damages, and the multiplication of same under the provisions of G.L. c. 93A, as to each of the Defendants, without the right of contribution.

58. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful, and wanton, and showed reckless disregard for the rights of Plaintiff and Massachusetts consumers, generally.

## COUNT IV

### Failure to Provide Clear Opt-Out Instructions
### Violation of 47 U.S.C. § 227(b)(1)(B) and 47 CFR § 64.1200(a)(2), (3)

59. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

60. Defendant violated 47 U.S.C. § 227(b)(1)(B) and 47 CFR § 64.1200(a)(2), (3) by failing to provide clear instructions on how to opt out of receiving text messages in each message sent.

61. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

62. Defendant sent, or caused to be sent, one or more text messages to Plaintiff's telephone number, which is assigned to a cellular telephone service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(B).

13

63. Pursuant to 47 CFR § 64.1200(a)(2) and (3), all messages sent by or on behalf of Defendant were required to include clear and conspicuous instructions on how to opt out of receiving future messages.

64. Defendant failed to provide clear and conspicuous instructions on how to opt out of receiving text messages in each text message sent to Plaintiff.

65. As a result of Defendant's violations, Plaintiff suffered harm, including invasion of privacy, nuisance, and annoyance, and incurred expenses related to the receipt of the unwanted text messages, such as charges for cellular services or data usage.

66. Defendant's violations of 47 U.S.C. § 227(b)(1)(B) and 47 CFR § 64.1200(a)(2), (3) were willful, knowing, or both, as Defendant failed to take reasonable steps to comply with statutory and regulatory requirements.

## COUNT V:

## VIOLATION OF THE MASSACHUSETTS TELEMARKETING SALES ACT 159 C

## TIME RESTRICTIONS 8 AM - 8 PM

67. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

68. Defendant called the plaintiff cellphone before 8 am and after 8 pm without written consent or for an emergency purpose which is contrary to **159 c Section 3,** Mgl c. 159 c Section 2: Unsolicited telephonic sales calls; limitations Section 3. A telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: 2; (ii) to be received between the hours of 8:00 p.m. and 8:00 a.m., local time, at the consumer's location;

69. Defendants violated 201 C.M.R. § 12.02 § (1) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer if the consumer's name

and telephone number appear on the then current quarterly "do not call" registry maintained by the Office of Consumer Affairs and Business Regulation as otherwise detailed within 201 CMR 12.03.

70. Defendants violated (2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 p.m. to 8:00 a.m., local time at the consumer's location.

71. Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) made unsolicited telephonic sales calls to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

72. Defendant text the plaintiff before 8 am and or after 9 pm on several accounts, at the consumer's /plaintiffs location, the texts were contrary to 201 CMR 12.03 *(2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 P.M. to 8:00 A.M., local time at the consumer's location* invading plaintiffs privacy and violating the M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)) and the TCPA.

## TRIAL BY JURY
## PRAYERS FOR RELIEF SOUGHT

WHEREFORE, Plaintiff requests that this Court:

a) Enter judgment in favor of Plaintiff and against Defendant for violations of the TCPA, MTSA, and Chapter 93A;

b) Award statutory damages of $500 to $1,500 per violation under the TCPA1310;

c) Award statutory damages under the MTSA of up to $5000 per violation under the MTSA 159 c.

d) Award statutory damages , attorney fees under the MGL Chapter 93A, including potential treble damages for willful violations for not being registered as a solicitor for violating 201 C.M.R., § 12.04(3), MTSA  159 c.

e) Grant injunctive relief prohibiting Defendant from further violations;

award Plaintiff reasonable attorney's fees and costs;

f) An injunction prohibiting Defendant from sending future text messages that fail to include clear opt-out instructions; and

g) Grant such other relief as the Court deems just and proper.

Respectfully submitted,                                 January 24, 2025

Nicole Carter

16 Rochelle Street

Springfield, Ma 01109

413-883-5580

nicolecarter7440@gmail.com

Nicole Carter