UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLE CARTER,<br><br>                  **Plaintiff,**<br><br>v.<br><br>Shein US Services LLC.<br><br>                  **Defendant** | Civil Action No. 25-cv-10447-MGM |

# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S LIABILITY FOR ILLEGAL BUSINESS ACTIVITIES

Plaintiff, Nicole Carter, respectfully moves this Honorable Court for Partial Summary Judgment as to Defendant Shein's US Services LLC. ("Shein's") liability for violations of state and federal consumer protection laws arising from Shein's illegal telemarketing practices. As set forth in the accompanying documents, there is no genuine issue of material fact concerning Defendants Liability of Counts II-V of the Complaint, the following:

**Defendants' Illegal Business Activities**

The Telephone consumer Practices Act ("TCPA" and the Massachusetts Telephone Solicitations Act, M.G.L. c. 159C et seq., ("MTSA") and its implementing regulations impose strict preconditions, limitations, and restrictions on unsolicited telephonic sales calls to Massachusetts residents. Any such calls not in compliance with these requirements are categorically prohibited.

Defendant Shein's telemarketing practices violated multiple provisions of federal and state law, including:

1. Defendant's "15% Off" web coupon "consent" form fails to satisfy the E-SIGN Act's electronic disclosure and retention requirements and omits several of the nine mandatory elements required under FCC regulations, violating the Telephone Consumer Protection Act (TCPA) and MTSA, M.G.L. c. 159C;
2. Defendant sent multiple telemarketing text messages to Plaintiff's cellular phone without obtaining valid, written prior express consent, as required under 47 C.F.R. § 64.1200(f)(9) and 15 U.S.C. § 7001(c);
3. Defendant failed to register as a telephone solicitor with the Massachusetts Office of Consumer Affairs and Business Regulation, in violation of 201 C.M.R. § 12.04;
4. Defendant transmitted marketing text messages during prohibited hours, in violation of 47 C.F.R. § 64.1200(c)(1) and 201 C.M.R. § 12.03(2);
5. Defendant failed to include a clear and conspicuous opt-out mechanism in several marketing text messages, in violation of the TCPA and MTSA;
6. Defendant's messages qualify as telemarketing communications because they were initiated for the purpose of encouraging the purchase of goods or services and constitute "telephone solicitations" regulated under both federal and Massachusetts law.

### Violation of Federal Law Constitutes a Per Se Violation of M.G.L. c. 93A

7. Pursuant to 940 C.M.R. § 3.16(4), any act or practice that violates a federal consumer protection statute, including the TCPA and E-SIGN Act, constitutes a per se unfair or deceptive act in violation of M.G.L. c. 93A, § 2. Defendant's multiple statutory violations therefore entitle Plaintiff to all remedies available under Chapter 93A, including multiple damages and attorney's fees. The regulation explicitly provides:

"Without limiting the scope of 940 CMR 3.00, an act or practice is a violation of M.G.L. c. 93A, § 2 if… it violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other federal consumer protection statutes within the purview of M.G.L. c. 93A, § 2." 940 C.M.R. § 3.16(4)

Here, Plaintiff has demonstrated that Defendant violated both the TCPA and E-SIGN Act by sending unauthorized telemarketing text messages without valid prior express written consent. These violations automatically trigger per se liability under Chapter 93A and entitle Plaintiff to statutory and enhanced remedies, including multiple damages and reasonable attorney's fees.

8. Defendant sent several telemarketing text messages to Plaintiff's cellular phone without valid, written prior express consent, as required under 47 C.F.R. § 64.1200(f)(9) and 15 U.S.C. § 7001(c).
9. Defendant's "15% Off" web form failed to satisfy the E-SIGN Act's electronic disclosure and retention requirements and lacked the nine mandatory elements defined by FCC regulations.
10. Defendant failed to include a clear and conspicuous opt-out mechanism, as required by the TCPA and MTSA.

## SUPPORTING DOCUMENTS

This Motion is supported by the following:

- Plaintiff's Memorandum of Law in Support of Partial Summary Judgment;
- Plaintiff's Statement of Undisputed Material Facts;
- Plaintiff's Affidavit of Nicole Carter;
- Complaint (e.g., ¶¶ 10–15, 21–22, 27–28, 30–38, 54–55);
- Exhibits 1–3 (including screenshots of the "15% Off" webform and court decision in Mantha v. QuoteWizard.com, LLC Magistrates Recommendation and order, Judge Order court decision).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Partial Summary Judgment in Plaintiff's favor as to Defendant's liability for the multiple statutory violations set forth herein, including but not limited to:

- Violations of the Telephone Consumer Protection Act (TCPA) and implementing FCC regulations;
- Violations of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act);
- Violations of the Massachusetts Telemarketing Solicitation Act (MTSA), M.G.L. c. 159C et al.;
- Per se violations of the Massachusetts Consumer Protection Act, G.L. c. 93A, through unlawful telemarketing practices and deceptive conduct.

Plaintiff further requests that the Court schedule additional proceedings to determine the appropriate amount of statutory, actual, and enhanced damages, as well as attorney's fees and costs.

Plaintiff expressly reserves the right to submit a detailed, itemized accounting of each unlawful text message received, including:

- Text Messages transmitted during prohibited hours;
- Text Messages lacking opt-out instructions;
- Text Messages sent without valid prior express written consent;
- Text Messages when defendants where not registered with the OCABR.

for purposes of calculating statutory damages and establishing the full scope of Defendant's liability under federal and state law.

Respectfully submitted,                                  June 14, 2025

Nicole Carter

16 Rochelle Street

Springfield, Ma 01109                    */s/ Nicole Carter*

413-883-5580

nicolecarter7440@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th a true and correct copy of this document was served by email upon defendants attorney at the email address below:

Brian J. Bosworth (BBO # 685163)

HUNTON ANDREWS KURTH LLP                 June 14, 2025

60 State Street, Suite 2400

Boston, MA 02109

(617) 648-2800                           */s/ Nicole Carter*

(617) 433-5022 (fax)

BBosworth@HuntonAK.com