UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Civil Action No. 3:25-cv-10447-MGM

NICOLE CARTER,

               Plaintiff,

v.

SHEIN US SERVISE LLC,

               Defendant,

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

NOW COMES the Plaintiff, Nicole Carter, pro se, and hereby submits this Opposition to Defendants' Motion to Compel. Plaintiff respectfully asks the Court to deny the motion in part on the grounds that:

1. Plaintiff has responded in good faith to all discovery requests within the scope of the Court's Phase I Scheduling Order;
2. Defendants are improperly seeking discovery beyond the limits set by the Court;
3. Plaintiff has openly disclosed her use of ChatGPT and publicly filed complaints for legal research and drafting assistance;
4. Plaintiff has corrected inadvertent mistakes, including submitting the correct screenshots of the text messages at issue;

1

5. Defendants falsely claim Plaintiff refused to confer, despite Plaintiff's documented efforts to coordinate discovery calls.

## Phase I Discovery Scope as Defined by the Court

The Court's Scheduling Order explicitly limits Phase I discovery to four issues:

1. Whether Plaintiff consented to receive text messages from Defendant, including whether consent was ever revoked;
2. Whether the text messages were unsolicited;
3. Whether Plaintiff's number is (or was) on the Massachusetts or National Do Not Call Registries;
4. Whether the text messages circumvented caller identification services or devices.

Requests beyond these four topics exceed the boundaries of Phase I and should be deferred unless and until Phase II discovery is authorized.

II. Interrogatories That Exceed the Scope of Discovery

Defendants' motion seeks to compel Plaintiff to answer several interrogatories that fall outside the four Phase I topics. Specifically:

- **Interrogatory Nos. 1–5:** These seek information on the assignment of Plaintiff's phone number, a complete call log from February 2021 to 2025, and messages sent by Plaintiff to SHEIN These go beyond the topics of consent, unsolicited messages, registry status, or caller ID manipulation.
- **Interrogatory Nos. 11–14:** Plaintiff does not object to these. They relate to registry status and fall within Phase I limits .
- 11. Identify any time period(s) from February 15, 2021, through February 15, 2025, during which time the Telephone Number (413-883-5580) was not registered on the Massachusetts Do Not Call List.

- **Response to 11.** Defendants telephone number was not registered until January 1, 2025 so that make it 45 days through February 15, 2025, that is was registered and all the rest of the time it was not registered.
- **12.** Identify any time period(s) from February 15, 2021, through February 15, 2025, during which time the Telephone Number (413-883-5580) was not registered on the National Do Not Call Registry.
- **Response to 12.** Defendants telephone number was registered on January 31, 2025 with the National Do Not Call Registry that make it 16 days through February 15, 2025, that is was registered and all the rest of the time it was not registered.
- **13.** Of those text messages or calls identified by You in response to Interrogatory No. 3, identify all those which were sent during the time(s) which the Telephone Number (413-883-5580) was not registered on the National Do Not Call Registry.
  **Response to 13.** Response to Interrogatory:
  The following messages were received from Defendant prior to my registration on the National Do Not Call Registry (January 31, 2025) and are therefore responsive to this request: The attached text messages in Exhibit 3 These messages are further documented in Exhibit 3.

- **14.** Of those text messages or calls identified by You in response to Interrogatory No. 3, identify all those which were sent during the time(s) which the Telephone Number (413-883-5580) was not registered on the Massachusetts Do Not Call List.
  **Response to Interrogatory No. 14:** Plaintiff's telephone number (413-883-5580) was registered on the Massachusetts Do Not Call List on January 1, 2025. The following text messages from Defendant were received before that date, during the time period when Plaintiff's number was not registered on the Massachusetts Do Not Call List: See Exhibit 3 attached all picture of screen shots with date and time These messages are further documented in Exhibit 3.

## Document Requests That Are Outside Phase I Scope

Defendants also seek to compel responses to the following requests:

- **Requests Nos. 2–4:** These relate to phone ownership, assignment date, and regular usage. These issues are outside the four approved discovery areas.
- **Request No. 6:** Plaintiff has already produced the text message screenshots in corrected form. This request is duplicative and overly broad.
- **Request No. 7:** Plaintiff has stated that I did not send any texts to SHEIN. This should resolve the issue.
- **Request No. 23:** Defendants seek all correspondence between Plaintiff and anyone else who has sued SHEIN. This is wholly irrelevant, outside the scope of the Court's order, and constitutes an improper fishing expedition. I under pains and penalties state that I don't know and have ever met anybody that sued Shein at all in my life and Plaintiff ask the court until July 16th 2025 to create an Affidavit.

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' DOCUMENT REQUESTS

- **Request No. 2:**
  *Documents sufficient to prove that the Telephone Number (413-883-5580) belongs to and is assigned to you.*
- **Objection and Response # 2:**
  Plaintiff objects to this request on the grounds that it seeks information outside the scope of Phase I discovery as set forth in the Court's Scheduling Order. The issue of whether the number belongs to Plaintiff is not one of the four Phase I issues (i.e., consent, unsolicited messages, DNC status, or caller ID circumvention).
  Subject to and without waiving this objection, Plaintiff states that I currently uses and receives messages on telephone number (413-883-5580), and has done so during all times relevant to this litigation. And before the litigation Plaintiff ask the court until July 16th 2025 to create an Affidavit. **Plaintiff also attached my Boost Mobile Bill See Exhibit 4.**
- **Request No. 3:**
  *Documents sufficient to prove that You are the regular user of the Telephone Number (413-883-5580), as You allege in Paragraph 24 of the Complaint.*

- **Objection and Response #3:**
  Plaintiff objects to this request as beyond the scope of Phase I discovery. Whether Plaintiff is a "regular user" of the number is not material to the issues the Court authorized for initial discovery (consent, unsolicited messages, DNC registration, or caller ID evasion). **Plaintiff also attached my Boost Mobile Bill See Exhibit 4.**
  Plaintiff further objects to the extent this request is cumulative or duplicative of Request No. 2.
- Subject to and without waiving these objections, Plaintiff reiterates that she personally uses and receives messages on the phone number at issue and has done so during the relevant period. Plaintiff ask the court until July 16th 2025 to create an Affidavit and to get documents from my phone company..
- **Request No. 4:**
  *Documents sufficient to prove the date that You were first assigned the Telephone Number (413-883-5580).*
- **Objection and Response # 4:**
  Plaintiff objects to this request on the ground that it seeks information not relevant to any Phase I discovery issue. The exact date of assignment of the telephone number does not relate to whether Plaintiff consented to messages, whether messages were unsolicited, whether the number was registered on a do-not-call list, or whether caller ID was circumvented. **Plaintiff also attached my Boost Mobile Bill See Exhibit 4.**
  Accordingly, Plaintiff declines to produce documents responsive to this request at this time. **Plaintiff ask the court until July 16th 2025 to create an Affidavit.**

- **Request No. 6:**
  *All text messages and/or calls sent from SHEIN to You from February 15, 2021, through February 15, 2025.*
- **Objection and Response #6 :**
  Plaintiff objects to this request as overbroad and disproportionate to the needs of Phase I discovery. A request for all messages over a four-year period is excessive and not

5

reasonably limited to the issues permitted under the Court's Scheduling Order. Subject to and without waiving this objection, Plaintiff has already produced corrected screenshots of all relevant text messages that form the basis of her claims **(See Exhibit 3 over 75 Text messages from Shein)**. These include unsolicited messages, late-night messages, and texts received without a reply stop opt out and when defendants was not registered as a solicitor in Massachusetts. Plaintiff will supplement if additional responsive messages are discovered.

- **Request No. 7:**

    *All text messages and/or calls sent from You to SHEIN from February 15, 2021, through February 15, 2025.*

    Objection and Response to # 7:
    Plaintiff objects to this request as outside the scope of Phase I discovery. Whether Plaintiff sent messages to Defendant is not relevant to the four Phase I discovery topics. Moreover, Plaintiff has no documents responsive to this request, **as I did not send any messages or calls to Defendant during the relevant period.**

- Request No. 23:

    *All documents and correspondence between You and any individual who has previously filed a lawsuit against SHEIN alleging a violation of either the Telephone Consumer Protection Act, Massachusetts Telemarketing Solicitation Act, and/or Chapter 93A concerning any of the Phase I Issues.*
- Objection and Response # 23:
    Plaintiff objects to this request as irrelevant, overbroad, and outside the scope of Phase I discovery. Communications with unrelated litigants or third parties are not relevant to Plaintiff's individual claims or the factual Phase I issues. This request is also vague and unduly burdensome, as it seeks private or protected legal research communications not connected to Plaintiff's claims of consent, unsolicited messages, caller ID manipulation,

or do-not-call registration.

Plaintiff further objects to this request as an inappropriate fishing expedition. Plaintiff does not have any responsive correspondence relevant to the four Phase I issues and therefore has no documents to produce in response to this request. Plaintiff has never been in touch with anyone that has sued the defendants or been in touch with anyone that plaintiff ran across their pleadings on the internet. Plaintiff ask the court until July 16th 2025 to create an Affidavit and to get documents from my phone company..

## Plaintiff's Good Faith and Use of Research Tools

Plaintiff openly admits she used publicly filed complaints—including *Vincent Lawrence v. Shein* and *Doane v. Benefytt Technologies, Inc.*—as templates and reference material. Plaintiff also utilized ChatGPT to assist in organizing and drafting all my pleadings. This is standard for pro se litigants and does not violate any rule or ethical requirement.

Plaintiff also acknowledges that she mistakenly submitted screenshots from a prior case, believing them to be her own. Upon realizing the error, I now disclosed all screen shots of text messages sent from defendant SHEIN Plaintiff corrected the record by submitting screenshots from her own device. See Exhibit 3.

Furthermore, Plaintiff confirms that she does not personally know Vincent Lawrence, Doanes from *Doane v. Benefytt Technologies, Inc*, or any other individual whose lawsuit was reviewed. These were used solely as legal references.

## Plaintiff's Efforts to Confer in Good Faith

Defendants wrongly claim Plaintiff refused to meet and confer. The email chain (see Exhibit 1) shows:

- Plaintiff offered multiple time slots to conduct a discovery conference on June 20, 2025;

- Plaintiff informed Defendants that she preferred to communicate in writing for clarity and transparency;
- Plaintiff sent a follow-up email the same day noting that ChatGPT alerted her to new favorable case law (*McLaughlin v. McKesson*, 2025 WL 1716136) and even offered a potential settlement;

Defendants never responded to Plaintiff's proposed times, and instead accused her of refusal. This claim is unsupported by the email record chain. See Email Chain Exhibit 1.

### Plaintiff's Do Not Call Registry Status Does Not Defeat Any Claims in the Complaint

Plaintiff's number was:

- Registered on the Massachusetts Do Not Call Registry on January 1, 2025, and
- Registered on the National Do Not Call Registry on January 31, 2025.

Plaintiff's claims do not depend solely on Do Not Call registration and should proceed on the merits.

Plaintiff acknowledges and affirms that her telephone number was:

This registration timeline was disclosed in Plaintiff's discovery responses and is not in dispute. However, these facts do not defeat any of the Plaintiff's remaining causes of action, which are not limited to Do Not Call violations.

Plaintiff's claims in this case include several independent statutory and regulatory violations under both federal and Massachusetts law, This timing affects only a limited portion of Plaintiff's claims and does not defeat any of the following counts, which are based on independent statutory violations:

**COUNT I: Violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)**

Defendants initiated text messages to Plaintiff's cellphone using an Automatic Telephone Dialing System (ATDS) without prior express consent. This violation stands independently of Do Not Call status and is actionable under the TCPA regardless of registration.

### COUNT II: Violation of Call Time Restrictions and Caller ID Falsification

Defendants sent messages to Plaintiff before 8:00 AM and after 8:00 PM, in violation of M.G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5).
Additionally, Defendants used a short code rather than a valid telephone number, thus falsifying or concealing caller ID, which is an independent violation of state telemarketing laws.

### COUNT III: Failure to Register as a Telemarketer with the Massachusetts OCABR

Defendants failed to comply with 201 C.M.R. § 12.04, which requires all telemarketers to register annually with the Office of Consumer Affairs and Business Regulation (OCABR). This omission is a per se violation of the Massachusetts Telemarketing Solicitation Act and also constitutes a violation of G.L. c. 93A due to its unfair and deceptive nature.

### COUNT IV: Failure to Provide Clear Opt-Out Instructions

Defendants violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2), (3) by failing to provide consumers with clear and conspicuous opt-out mechanisms in the marketing text messages. This claim is separate from registry status and stands on its own legal foundation.

### COUNT V: Violation of Massachusetts Time-of-Day Telemarketing Restrictions

Under M.G.L. c. 159C and 201 C.M.R. § 12.03, telemarketing calls must only occur between 8:00 AM and 8:00 PM local time. Plaintiff received communications from Defendants outside of these hours, which is a distinct violation of Massachusetts law.

Plaintiff's claims are based on a broad range of statutory violations, most of which are not dependent on whether or when Plaintiff's phone number was registered on either the National or State Do Not Call Registries. The Do Not Call timing issue affects only a limited subset of potential damages and does which remain fully valid and legally enforceable.

### Plaintiff's Clarification Regarding Text Message Screenshots

Defendants assert that Plaintiff submitted screenshots identical to those in *Vincent Lawrence v. Shein*. Plaintiff admits that I mistakenly copied and paste which included such images that I received through mining off the internet but immediately disclosed the error and corrected the record. See Exhibit 3.

The updated screenshots in Exhibit 3 are unique to Plaintiff, picture from my own device, and contain distinct battery levels, scroll positions, and glare contrary to Defendants' accusations and my phone has a cracked screen.

Plaintiff respectfully looks forward to the Court either granting or denying the pending Partial Motion for Summary Judgment so that the matter may proceed to resolution or, if necessary, review by the First Circuit Court of Appeals regarding Plaintiff's Counts I through V. Plaintiff also requests that Defendants be ordered to respond to the Partial Motion for Summary Judgment.

Plaintiff respectfully requests the Court inspect Exhibit 3 and verify the authenticity of the text messages received by Plaintiff from Shein.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Compel to the extent it seeks responses beyond the scope of Phase I discovery;
2. Confirm that Interrogatories and Production of Documents are outside of the courts Scheduling Order;
3. Acknowledge Plaintiff's good-faith compliance and transparency regarding prior mistakes and legal research sources;
4. Accept Plaintiff's corrected evidence (Exhibit 3) and communications record (Exhibit 1-3);
5. Give Plaintiff ask the court until July 16th, 2025, to create an Affidavit.
6. Order Defendants to answer plaintiff Partial Motion for Summary Judgment
7. And anything other order you believe the plaintiff should perform with enough time.
8. Deny defendants request for Rule 11 sanctions and any other sanctions asked for.

Respectfully submitted,

**/s/ Nicole Carter**
Nicole Carter

16 Rochelle Street
Springfield, Ma 01109

413-883-5580

nicolecarter7440@gmail.com

CERTIFICATE OF SERVICE

I, Nicole Carter, hereby certify that on this 10th day of July, 2025, I served a true and correct copy of the foregoing document upon counsel for Defendants by electronic mail and ECF addressed as follows:

**Attorney for Defendants:**

Brian J. Bosworth (BBO # 685163)

HUNTON ANDREWS KURTH LLP

60 State Street, Suite 2400

Boston, MA 02109

(617) 648-2800

(617) 433-5022 (fax)

BBosworth@HuntonAK.com

Plaintiff

/s/ Nicole Carter
Nicole Carter

16 Rochelle Street
Springfield, Ma 01109

413-883-5580

nicolecarter7440@gmail.com