UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICOLE CARTER,

    *Plaintiff*,

    v.

SHEIN US SERVICES, LLC,

    *Defendant*.

Civil Action No. 3:25-cv-10447-MGM

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO EXTEND PHASE I DISCOVERY TO COMPLETE PLAINTIFF'S UNILATERALLY TERMINATED DEPOSITION**

Pursuant to Rule 6(b) and Rule 30(d)(1) of the Federal Rules of Civil Procedure, defendant SHEIN US Services, LLC ("SHEIN" or "Defendant") respectfully submits this Memorandum of Law in support of its motion to extend the deadline of Phase I fact discovery, presently this Friday, August 22, 2025 (Dkt. No. 32, ¶ 1), as necessary for the sole purpose of completing the deposition of *pro se* plaintiff Nicole Carter ("Plaintiff"), which she abruptly and unilaterally terminated on August 18, 2025. On August 19, 2025, the day after Plaintiff walked out of her deposition, Defendant's counsel served a Notice of Reconvened Deposition, for August 22, 2025. Plaintiff, however, has refused to appear on this date, citing "short notice," and has refused to provide Defendant's counsel with alternate dates even past the current close of discovery. Thus necessitating the present Motion. In further support, Defendant states as follows:

**I.    RELEVANT BACKGROUND**

    **A.    Complaint, Phased Discovery, and Litigation Misconduct**

1.    Plaintiff filed her Complaint in Massachusetts Superior Court, Hampden County, on January 27, 2025, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §

1

227(b) ("TCPA"), Massachusetts Telemarketing Solicitation Act, G.L. c. 159C ("MTSA"), and G.L. c. 93A. (*See* Dkt. No. 7 (State Court Record).) Defendant removed this action to the United States District Court for the District of Massachusetts on February 24, 2025. (Dkt No. 1.)

2.      On April 23, 2025, the Court issued a Scheduling Order which adopted Defendant's proposal for limited phased discovery into four discrete "Phase I" issues. (Dkt. No. 13, ¶ 1.)[1]

3.      On June 11, 2025, Plaintiff produced native JPG and PNG picture files of text messages that she represented were sent to her by Defendant in violation of the TCPA and MTSA. These text messages were not actually sent to her but rather to a completely different phone number and a completely different person, a Vincent Lawrence, who had filed his own TCPA and MTSA complaint against SHEIN three months before Plaintiff filed her own.[2]  Plaintiff later admitted her misconduct. (*See* Dkt. No. 29 (Pl.'s Opp'n to Mot. To Compel) p. 7 ("Plaintiff also acknowledges that she mistakenly submitted screenshots from a prior case, believing them to be her own.") & p. 10 ("Defendants assert that Plaintiff submitted screenshots identical to those in Vincent Lawrence v. Shein. Plaintiff admits that I mistakenly copied and paste which included such images that I received through mining off the internet….").)

4.      Plaintiff filed a Motion for Partial Summary Judgment on June 23, 2025 – 53 days before the August 25 deadline set forth in the Scheduling Order. (Dkt. Nos. 16-19; Dkt. No. 13, ¶ 6.) Defendant in response filed a Motion to Compel, for Discovery Sanctions, and to Extend Phase

---

[1] "Phase I discovery shall be limited to the following issues: (1) whether Plaintiff consented to receive text messages from Defendant, including whether consent was ever revoked; (2) whether the text messages were unsolicited; (3) whether Plaintiff's number is (or was) on the Massachusetts or national do not call registries; and (4) whether the text messages show any evidence of circumventing Plaintiff's use of caller identification services or devices." (Dkt. No. 13, ¶ 1.)

[2] That matter, from which SHEIN was dismissed in February 2025, is pending in Suffolk County Superior Court. *Vincent Lawrence v. SHEIN US Services, LLC et al*, C.A. No. 2484CV02856.

I Discovery (Dkt. Nos. 21-23), and an Emergency Rule 56(d) Motion to Deny or Defer Ruling on Plaintiff's Motion for Partial Summary Judgment (Dkt. Nos. 24-26).

5. On July 14, 2025, the Court denied Plaintiff's Motion for Partial Summary Judgment, with leave to renew "if there is a legitimate legal and factual basis for doing so," and granted in part Defendant's motion to compel against Plaintiff. (Dkt. No. 31.)

6. On July 16, 2025, the Court issued an Amended Scheduling Order pursuant to which Phase I discovery shall be completed by August 22, 2025. (Dkt. No. 32, ¶ 1.)

7. In her Opposition to Defendant's Motion to Compel, field on July 11, 2025, Plaintiff represented to the Court that she would seek documents "from my phone company" to cure her deficient responses to multiple document requests. (*See* Dkt. No. 29 (Pl.'s Opp'n to Mot. to Compel) p. 5, 7.) While Defendant awaited the production of these documents, Plaintiff did not serve any such subpoena until at least one month later, on or about August 14, 2025.

   **B.    Plaintiff's Incomplete August 18, 2025, Deposition**

8. Unable to wait any longer for Plaintiff's subpoena to issue, on August 7, 2025, Defendant's counsel served upon Plaintiff a Notice of Deposition for August 18, 2025, at 10:00 A.M. (Decl. of Brian J. Bosworth, Esq. ("Bosworth Decl.") ¶ 5 & Ex. A.) In accordance with Local Rule 30.1(a), the deposition was noticed for Springfield, Massachusetts, as Plaintiff resides in Hampden County. (*Id.*) Defendant's counsel's office is located in Boston, Massachusetts. (*Id.*)

9. Defendant's counsel requested that Plaintiff confirm her attendance by emails on August 7, August 14, August 15, and in the morning on August 18. (*Id.* ¶ 6 & Ex. B.) Plaintiff did not respond to any these emails and never otherwise confirmed her attendance. (*Id.*)

10. Nevertheless, to counsel's relief Plaintiff did show up to her deposition on August 18, albeit arriving after the scheduled start time of 10:00 AM. (*Id.* ¶¶ 7-8.)

11. At approximately 11:50 A.M., Plaintiff requested a break after making what appeared to be a particularly upsetting stretch of admissions, and left the room. (*Id.* ¶ 9.)[3] Approximately 20 minutes later, a "friend" who had accompanied Plaintiff entered the deposition room and informed Defendant's counsel that Plaintiff would also be taking a lunch break before returning. (*Id.*) Ultimately, Plaintiff did not return for over one hour. (*Id.*) When Plaintiff finally returned, she stated for the first time that she had to stop the deposition at 2:30 to "pick up her daughter." (*Id.*) Defendant's counsel objected that this restriction had not been previously claimed, that she did not mention this restriction when earlier that day I informed her that her deposition could take up to seven hours, that Plaintiff had just taken a full hour break knowing that she was going to thereafter demand an early stop, that discovery was set to close in three days, and that this would only leave approximately one hour to complete the deposition. (*Id.*) Defendant's counsel did not agree to terminate the deposition early. (*Id.*)

12. The deposition continued and, after the testimony turned to her relationship with Vincent Lawrence – which this Court previously recognized to be "relevant to … the legitimacy of this litigation" (Dkt. No. 31 (Order on Mot. to Compel)) – Plaintiff claimed to receive a telephone call and left the room. (Bosworth Decl. ¶ 10.) Plaintiff briefly returned and answered questions before gathering her belongings and abruptly leaving the room and her deposition for good, before 2:30, as Defendant's counsel was in the middle of questioning. (*Id.*) Defendant's counsel noted his objection on the record and suspended the deposition to reconvene as soon as possible. (*Id.*)

---

[3] Unfortunately, no transcript is yet available for this deposition. (*Id.* ¶ 11.)

13. Approximately 20 minutes after Plaintiff left the deposition room, Defendant's counsel exited the building and witnessed that Plaintiff was still on-site and had not yet left to "pick up her daughter" as she belatedly claimed. (*Id*. ¶ 12.)

14. The next day, August 19, 2025, Defendant's counsel was able to secure a court reporter and the same deposition location and thereafter served a Notice of Reconvened Deposition, for August 22, 2025, at 10:00 A.M.. (*Id*. ¶ 13. & Ex. C.) In the cover email, Defendant's counsel stressed the imminent close of discovery on August 22, 2025. (*Id*.)

15. Plaintiff nevertheless refused to appear on this date. By email on August 20, 2025, Plaintiff stated only: "I cant make it on such short notice I am sorry." (*Id*. ¶ 14. & Ex. D.) This is the last and only email received from Plaintiff regarding a reconvened deposition.

16. On August 20, 2025, Defendant's counsel replied that he is "trying to work with you on this," requested that she provide him "the first date that you will be able to reconvene for your deposition," and asked for her non-opposition to a motion to extend the Phase I discovery deadline in order to complete her deposition. (*Id*. ¶ 15 & Ex. E.) Plaintiff did not respond. (*Id*. ¶ 15.) Still attempting to avoid the need for judicial intervention, on August 21, 2025, Defendant's counsel proposed reconvening Plaintiff's deposition on Monday, August 25, 2025. (*Id*. ¶ 15 & Ex. E.) Plaintiff has not responded. (*Id*. ¶ 15.)

## II. A LIMITED EXTENSION IS NECESSARY TO COMPLETE PLAINTIFF'S UNILATERALLY-TERMINATED DEPOSITION

17. Typically, "a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). However, "[t]he court must allow additional time … if needed to fairly examine the deponent or if the deponent … impedes or delays the examination." *Id*.; *see also* Fed. R. Civ. P. 6(b)(1)(A).[4]

---

[4] Defendant reserves its right to seek sanctions for Plaintiff's improper termination of her deposition. *See* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—

Here, Plaintiff was deposed for 1 day of approximately 3.5 hours, not including non-lunch breaks. (Bosworth Decl. ¶ 11.)

18.     Moreover, "a party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition." *E. Bos. Ecumenical Cmty. v. Mastrorillo*, 133 F.R.D. 2, 4 (D. Mass. 1990); *see also Baez v. Duggan*, 395 F. Supp. 3d 154, 156 (D. Mass. 2019) ("[A] litigant's pro se status does not excuse his failure to comply with a scheduling order of the court nor relieve that person from the consequences of such failure.").

19.     A second day of deposition and an extension of Phase I discovery to accommodate same is clearly warranted. And Plaintiff's unilateral decision to terminate her August 18 deposition and not attend the August 22 deposition is just as indefensible. Plaintiff was deposed for less than 3.5 hours before walking out. (Bosworth Decl. ¶ 11.) She unilaterally terminated her deposition in the middle of a difficult line of questioning, relying on an excuse which was not made until three hours into the deposition and whose legitimacy is called into question by her later actions. (*Id.* ¶¶ 9-10, 12.) The very next day Defendant's counsel secured a court reporter and the same location in Springfield for a second day and served a Notice of Reconvened Deposition so that Plaintiff's deposition could be completed before the close of fact discovery. (*Id.* ¶ 13 & Ex. C.) Yet Plaintiff rejected this date, stating without explanation that it was too "short notice." (*Id.* ¶ 14 & Ex. D.) But Plaintiff has also refused to provide Defendant's counsel with alternate dates to

---

including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."); Fed. R. Civ. P. 37(a)(3)(C) ("When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order."); Fed. R. Civ. P. 37(a)(5)(A) (if motion to compel granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

complete her deposition, even after the current Phase I discovery deadline. (*Id*. ¶ 15 & Ex. E.) A second deposition day and extension of the Phase I discovery deadline is therefore necessary to fairly examine Plaintiff, particularly because it was Plaintiff herself who has impeded and delayed the deposition. *See* Fed. R. Civ. P. 30(d)(1).

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court allow its Emergency Motion Extend Phase I Discovery to Complete Plaintiff's Unilaterally Terminated Deposition and enter an Order extending the deadline of Phase I fact discovery, presently this Friday, August 22, 2025 (Dkt. No. 32, ¶ 1), as necessary for the sole purpose of completing the Plaintiff's deposition. Defendant also respectfully requests that the Court enter an Order mandating that Plaintiff's reconvened deposition shall take place at the offices of Defendant's counsel at Hunton Andrews Kurth LLP, 60 State Street, Suite 2400, Boston, Massachusetts, 02109.

Respectfully Submitted,

**SHEIN US SERVICES, LLC**

By its attorneys,

*/s/ Brian J. Bosworth*
Brian J. Bosworth (BBO # 685163)
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
(617) 648-2800
(617) 433-5022 (fax)
BBosworth@Hunton.com

Dated:  August 21, 2025

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 21st day of August, 2025, a true and correct copy of this document was electronically filed with the Clerk of Court through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") pursuant to Local Rule 5.4(c). A true and correct copy of the foregoing was also served by email upon Plaintiff Nicole Carter at the address and email address below:

Nicole Carter
16 Rochelle Street
Springfield, MA 01109
Nicolecarter7440@gmail.com

                                                  */s/ Brian J. Bosworth*
                                                  Brian J. Bosworth