UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICOLE CARTER,

    *Plaintiff*,

    v.

SHEIN US SERVICES, LLC,

    *Defendant*.

Civil Action No. 3:25-cv-10447-MGM

## DECLARATION OF BRIAN J. BOSWORTH, ESQ., IN SUPPORT OF DEFENDANT'S EMERGENCY RULE 56(D) MOTION TO DENY OR DEFER RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Brian J. Bosworth, Esq., declare under the penalty of perjury as follows:

    1.    I am an senior attorney with the law firm of Hunton Andrews Kurth LLP and am counsel for SHEIN US Services, LLC ("Defendant" or "SHEIN") in this matter.

    2.    I am admitted to the Bar of the Commonwealth of Massachusetts and am admitted to practice law before the United States District Court for the District of Massachusetts.

    3.    I submit this declaration on behalf of Defendant and in support of Defendant's Emergency Motion Extend Phase I Discovery to Complete Plaintiff's Unilaterally Terminated Deposition.

    4.    I am fully familiar with the facts alleged herein.

    5.    On August 7, 2025, I served upon Plaintiff a Notice of Deposition for August 18, 2025, at 10:00 A.M. In accordance with Local Rule 30.1(a), the deposition was noticed for Springfield, Massachusetts, as Plaintiff resides in Hampden County, despite my office being located in Boston, Massachusetts. A true and correct copy of Defendant's Amended Notice of Deposition is attached as Exhibit A.

6.  On August 7, August 14, August 15, and in the morning on August 18, I sent emails to Plaintiff requesting that she confirm that her attendance at her August 18 deposition. Plaintiff did not respond to any these emails and never otherwise confirmed her attendance. A true and correct copy of these emails are attached as <u>Exhibit B</u>.

7.  Nevertheless, Plaintiff did show up to her deposition on August 18, albeit arriving after the scheduled start time of 10:00 AM.

8.  I took Plaintiff's deposition on behalf of Defendant.

9.  At approximately 11:50 A.M., Plaintiff requested a break after making what appeared to be a particularly upsetting stretch of admissions, and left the room. Approximately 20 minutes later, a "friend" who had accompanied Plaintiff entered the deposition room and informed me that Plaintiff would also be taking a lunch break before returning. Ultimately, Plaintiff did not return for over one hour. When Plaintiff finally returned, she told me for the first time that she had to stop the deposition at 2:30 to "pick up her daughter." I objected that this restriction had not been previously disclosed, that she did not mention this restriction when earlier that day I informed her that her deposition could take up to seven hours, that Plaintiff had just taken a full hour break knowing that she was going to thereafter demand an early stop, that discovery was set to close in three days, and that this would only leave approximately one hour to complete the deposition. I did not agree to terminate the deposition early

10. The deposition continued and, after another apparently difficult stretch of testimony concerning her relationship with Vincent Lawrence, Plaintiff claimed to receive a telephone call and left the room. She briefly returned and answered questions before gathering her belongings and abruptly leaving the room and her deposition for good, before 2:30, as I was in the middle of

questioning. I noted my objection on the record and suspended the deposition to reconvene as soon as possible.

11. No transcript is yet available for this deposition. In total, Plaintiff was deposed for 1 day of approximately 3.5 hours, not including non-lunch breaks.

12. Approximately 20 minutes after Plaintiff left the deposition room, I exited the building and witnessed that Plaintiff was still on-site and had not yet left to "pick up her daughter" as she claimed.

13. The next day, August 19, 2025, I was able to secure a court reporter and the same deposition location and thereafter served a Notice of Reconvened Deposition, for August 22, 2025, at 10:00 A.M. A true and correct copy of the Notice of Reconvened Deposition is attached as <u>Exhibit C</u>.

14. On August 20, 2025, Plaintiff emailed me in response, stating only: "I cant make it on such short notice I am sorry." A true and correct copy of this emails is attached as <u>Exhibit D</u>. This the last and only email I have received from Plaintiff regarding a reconvened deposition.

15. On August 20, 2025, I replied that I am "trying to work with you on this," requested that she provide me "the first date that you will be able to reconvene for your deposition," and asked for her non-opposition to a motion to extend the Phase I discovery deadline in order to complete her deposition. Plaintiff did not respond. On August 21, 2025, I proposed reconvening Plaintiff's deposition on Monday, August 25, 2025. Plaintiff has not responded. A true and correct copy of these emails are attached as <u>Exhibit E</u>.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Brian J. Bosworth*
Brian J. Bosworth (BBO # 685163)
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
(617) 648-2800
(617) 433-5022 (fax)
BBosworth@Hunton.com
*Counsel for SHEIN US Services, LLC*

Dated: Boston, Massachusetts
August 21, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2025, a true and correct copy of this document was electronically filed with the Clerk of Court through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") pursuant to Local Rule 5.4(c). A true and correct copy of the foregoing was also served by email and regular mail upon Plaintiff Nicole Carter at the address and email address below:

Nicole Carter
16 Rochelle Street
Springfield, MA 01109
Nicolecarter7440@gmail.com

*/s/ Brian J. Bosworth*
Brian J. Bosworth